**Electronically Filed
Intermediate Court of Appeals
CAAP-17-0000039
30-NOV-2017
10:31 AM**

NO. CAAP-17-0000039

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

STATE OF HAWAI'I, Plaintiff-Appellee, v.
JARREN LUCAS, Defendant-Appellant

APPEAL FROM THE DISTRICT COURT OF THE FIRST CIRCUIT
HONOLULU DIVISION
(CASE NO. 1DCW-16-0003773)

SUMMARY DISPOSITION ORDER
(By: Fujise, Presiding Judge, Leonard and Chan, JJ.)

Defendant-Appellant Jarren Lucas (Lucas) appeals from the Judgment and Notice of Entry of Judgment, entered on December 27, 2016, in the District Court of the First Circuit, Honolulu Division (District Court).[1]

After pleading no contest, Lucas was convicted of Terroristic Threatening in the Second Degree, in violation of Hawaii Revised Statutes (HRS) §707-717 (2014). Lucas was sentenced to 1 year probation with 30 days jail as a special condition of probation.

On appeal, Lucas contends the District Court erred in relying upon uncharged conduct when sentencing him.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Lucas's point of error as follows:

Lucas contends that when the District Court referenced uncharged conduct by Lucas that was contained in a presentence

---

[1] The Honorable Lanson Kupau presided.

report, it impermissibly relied upon that uncharged conduct when sentencing him. He also contends that District Court "did not even mention the gravity of the actual conduct when sentencing the defendant."

The District Court was required to consider the information in the presentence report prior to sentencing Lucas. HRS § 706-601(b) (2014). However,

> [W]hile a court has broad discretion in imposing a sentence, and can consider the candor, conduct, remorse and background of the defendant as well as the circumstances of the crime and many other factors, a judge cannot punish a defendant for an uncharged crime in the belief that it too deserves punishment.

State v. Vellina, 106 Hawai'i 441, 450, 106 P.3d 364, 373 (2005) (quoting State v. Nunes, 72 Haw. 521, 526, 824 P.2d 837, 840 (1992)).

Between the first and second court recess, the District Court stated its inclination to sentence Lucas to prison based upon the conduct in the instant case, citing Lucas's repeated threats, encouraging the Complaining Witness "to kill herself, to put a bullet in her head." Therefore, Lucas's contention that the District Court did not mention the gravity of his conduct before imposing his sentence is without merit.

Prior to imposing a sentence, the District Court ruled upon Lucas's request for a deferred acceptance of no contest plea. In denying the request, the District Court stated:

> Based upon the presentence investigation report [(PSI)], it seems like this type of conduct or domestic abuse has been a pattern of conduct in past domestic abuse between this couple, including one choking incident. And as a result, this Court cannot in good conscience make that determination that it appears that the defendant will not likely engage in that type of criminal conduct.
>
> As a result, the motion for deferred acceptance of no contest is denied. I do accept your no contest plea. I find you guilty.
>
> With respect to sentencing, the Court will go and sentence you to one year probation. As a condition of your probation, you will serve 30 days in OCCC, mittimus to issue forthwith. . . .

It appears that the District Court referenced a choking incident by Lucas,[2] conduct unrelated to this case, for the purpose of determining whether the "defendant is not likely again to engage in a criminal course of conduct," pursuant to HRS § 853-1(a)(2) (2014). The District Court clearly distinguished the factors used in determining Lucas's request for a deferred acceptance of no contest plea from his actual conduct related to the crime for which he was sentenced. Therefore, the District Court did not impermissibly rely upon an uncharged crime when sentencing Lucas.

Therefore, IT IS HEREBY ORDERED that the Judgment and Notice of Entry of Judgment, entered on December 27, 2016, in the District Court of the First Circuit, Honolulu Division is affirmed.

DATED: Honolulu, Hawai'i, November 30, 2017.

On the briefs:

Jonathan Burge,
for Defendant-Appellant.

Sonja P. McCullen,
Deputy Prosecuting Attorney,
City and County of Honolulu,
for Plaintiff-Appellee.

Presiding Judge

Associate Judge

Associate Judge

---

[2]     Lucas did not and does not challenge the accuracy of this information in the PSI.

3